IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01069-BNB

CAROLE E. JENKINS, also known as
CAROLE JENKINS BOLLINGER, also known as
CAROLE JENKINS, and [on behalf of]
STEVEN N. BOLLINGER, Deceased,

Plaintiff,

v.

CHRYSLER, LLC,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Carole E. Jenkins, also known as Carole Jenkins Bollinger and as Carole Jenkins, submitted to and filed with the Court a complaint for money damages on her behalf and on behalf of her deceased husband, Steven N. Bollinger. She asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pursuant to Rule 17 of the Federal Rules of Civil Procedure, Ms. Jenkins, as personal representative for her deceased husband, may proceed in her own name. The caption of this order has been corrected to include Ms. Jenkins' aliases.

The Court must construe the complaint liberally because Ms. Jenkins is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Ms. Jenkins asserts that her deceased husband worked in California for Defendant Chrysler, LLC, for twenty-five years, and that fumes from the Chrysler factory filled his office, causing him to suffer from Parkinsonism and kidney failure, which allegedly lead to his death. She contends that an autopsy revealed the presence of two heavy metals in his kidneys, and argues that his exposure to toxins in the workplace caused his death.

Venue in this Court is not proper. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff alleges that Defendant resides in Montana. The events or omissions giving rise to the claim apparently occurred in California. There is no allegation that any events giving rise to the instant action occurred in Colorado. Therefore, venue is improper in this Court. Accordingly, it is

ORDERED that the clerk of the Court is directed to correct this Court's docketing records to reflect the aliases of Plaintiff, Carole E. Jenkins. It is

FURTHER ORDERED that the complaint and the instant action are dismissed without prejudice for improper venue.

DATED at Denver, Colorado, this 3 day of July, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01069-BNB

Carole E. Jenkins
PO Box 1522
Grand Junction, CO 81502

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on   7/7/8  

                        GREGORY C. LANGHAM, CLERK

               By: _____
                          Deputy Clerk